```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

RONALD WAYNE EDMOND,              §
TDCJ-CID NO. 579280,              §
                                  §
          Plaintiff,              §
                                  §     CIVIL ACTION NO. H-07-2284
v.                                §
                                  §
NATHANIEL QUARTERMAN , et al.,    §
                                  §
          Defendants.             §

## MEMORANDUM OPINION AND ORDER

Ronald Wayne Edmond, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, has filed a civil rights complaint under 42 U.S.C. § 1983.  Edmond has not filed an Application to Proceed In Forma Pauperis nor has he paid the filing fee.  This action will be dismissed because the complaint is frivolous and because Edmond has been barred from filing prisoner civil rights complaints without paying the fee in advance absent a showing of imminent danger.  28 U.S.C. § 1915(g).

In the present action Edmond complains that his time has been wrongly calculated and that he should be released from prison. Such an allegation cannot be presented in a section 1983 complaint because it challenges the legality of the incarceration itself and not the conditions of the incarceration.  See Heck v. Humphrey, 114 S.Ct. 2364 (1994) (suit for damages under 42 U.S.C. § 1983 must be dismissed when the plaintiff is attacking the validity of his

conviction and has not shown that the conviction has been overturned); Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997) (suit challenging prison disciplinary action subject to dismissal under Heck); Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1997) (prisoner civil rights action challenging loss of good-time pursuant to prison disciplinary decision implies invalidity of sentence and, therefore, is not cognizable until decision has been reversed).

In addition to being frivolous, this action is subject to dismissal because Edmond is not entitled to file a prisoner complaint without paying the fee in advance unless he is in immediate danger. See 28 U.S.C. § 1915(g). Edmond's litigation history reveals that he has filed numerous lawsuits in federal court while confined. Before filing this action, he had at least three such lawsuits dismissed as frivolous. See Edmond v. Johnson, C.A. No. H-06-2524 (S.D. Tex. Aug. 18, 2006), citing Edmond v. Dallas County Sheriff's Dep't., No. 3:95-CV-502 (N.D. Tex. Apr. 17, 1995); Edmond v. Tarrant County, No. 4:96-CV-267 (N.D. Tex. Nov. 4, 1998); Edmond v. Dallas County, No. 3:95-CV-446-X (N.D. Tex. Mar. 4, 1996). Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995 a prisoner may not file an action without prepayment of the filing fee if he has on three or more prior occasions filed a prisoner action in federal court or an appeal in a federal court of appeals that was dismissed as

frivolous or malicious.  28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).  Edmond's pleadings  fail to show that he is in any immediate danger of being harmed.

Consequently, Edmond's claims are frivolous, and he has failed to show that he is eligible to proceed as a pauper.  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998).

### Conclusion

Accordingly, the court **ORDERS** as follows:

1. This cause of action, filed by Ronald Wayne Edmond, is **DISMISSED with prejudice**.  28 U.S.C. § 1915(e)(2)(B)(i); 28 U.S.C. § 1915(g).

2. The Clerk will provide copies of this Memorandum Opinion and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Pro Se Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 22nd day of August, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE